# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND PETITION OF CALLAN MARINE, LTD. AS OWNER OF THE DREDGE GENERAL EISENHOWER, ITS ENGINES, GEAR, TACKLE, ETC. IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § | C.A. No. _____<br><br>In Admiralty Pursuant to Rule 9(h) |

## VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner, Callan Marine, LTD. ("Callan Marine") by and through its attorneys of the law firm of SCHOUEST, BAMDAS, SOSHEA & BENMAIER, P.L.L.C., and for its Complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 et. seq. (the "Limitation of Liability Act"), civil and maritime, and allege upon information and belief as follows:

**I.**

This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought within the meaning of 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions to the Federal Rules of Civil Procedure (the "Supplemental Rules").

**II.**

Callan Marine was at all times pertinent, including the present, a Texas company organized and doing business under Texas law. Callan Marine maintains and has maintained at all times

pertinent to this proceeding an office and principal place of business in Galveston, Texas with a mailing address of P.O Box 17017, Galveston, Texas 77552.

**III.**

Callan Marine is the owner of the Dredge General Eisenhower ("the Vessel") which relates to the facts and circumstances as cited in the Petition in Case No. 2020-CCV-61002-3 in County Court at Law 3 in Nueces County, Texas brought by Plaintiff in the underlying claim, Guadalupe Garza, and attached hereto as Exhibit A. The Vessel has not been attached or arrested and venue is proper in the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**IV.**

Prior to and at all times hereinafter described, Callan Marine exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter the described Vessel was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped, and furnished, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

**V.**

On July 15, 2020, Mr. Garza was working onboard the Vessel which was in the course of its voyage dredging certain sections of Flint Hills Resources' East Dock No. 3 as part of a contract for hydraulic dredging and maintenance entered into with Flint Hills Resources Group.

In the underlying lawsuit (Exhibit A), Guadalupe Garza has asserted that he was injured on or about July 15, 2020, when he was working near the crane that was allegedly leaking oil. Specifically, Garza alleged that he slipped and fell on the oil and injured his back.

## VI.

It has further been alleged that on or about July 15, 2020, Callan Marine was negligent through its officers, agents, servants, and/or employees in such respects including but not limited to interference with Garza's medical treatment, and that the conduct of Callan Marine in whole or in part caused Garza to sustain the alleged injuries.

Additionally, it has been alleged that Callan Marine owed Garza the duty to provide a seaworthy vessel, that the duty was breached, and that the breach in whole or in part caused Garza's injuries.

As a result of the alleged July 15, 2020 incident, Garza has made a claim against Callan Marine with respect to his alleged injuries.

## VII.

The injuries, if any, sustained by any and all persons or entities, which may have resulted from the alleged occurrence or occurrences, could only have been occasioned and incurred without the privity or knowledge of Callan Marine.

## VIII.

The above described events, and any alleged injuries, losses, or damages resulting from Garza's alleged injuries, were not caused or contributed by the fault, neglect, lack of due diligence or want of due care on the part of Callan Marine, the design or condition of the Vessel, nor was the Vessel in any way unseaworthy. Rather, if any injuries, losses, damages, death or destruction were sustained as a result of the incident involving the Vessel and Garza on or about July 15, 2020, which is denied, said damages were due to and/or caused by the fault, neglect, lack of due diligence or want of due care of others for whom Callan Marine are not responsible.

**IX.**

The value of Callan Marine's interest in the Vessel, its ancillary vessels comprising the "Flotilla" and the pending freight pending for this voyage as of the casualty is $1,356,328. The July 15, 2020 Daily Dredge Report indicating all potential ancillary vessels comprising the Flotilla and the Declaration of Pending Freight and Value of Potential Flotilla are attached herein as Exhibits B and C, respectively, and incorporated herein by reference for all purposes.  Petitioner reserves the right to amend its designation of the ancillary vessels, and their respective values, which comprise the Flotilla subject to additional investigation.

**X.**

Callan Marine has reasonable basis upon which to believe that claims will be asserted and prosecuted against it in amounts exceeding the total sum it may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

Callan Marine alleges that it has valid defenses upon the facts and under applicable law. Callan Marine therefore invokes the benefits afforded vessel owners under the Limitation of Liability Act as codified in 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Specifically, Callan Marine is entitled to limit its liability to the value of the Vessel, the Flotilla, and the Vessel's freight then pending, if any, at the time of the incident giving rise to this action.

**XI.**

In accordance with the provisions of 46 U.S.C. § 183 *et. seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims, Callan Marine stands ready to provide a stipulation with sufficient surety for payment into this Court of the value of its interest in the Vessel, the Flotilla and the freight pending or, in the alternative, the value of its interest in the

Vessel, the Flotilla and the freight pending whenever the same shall be so ordered per the rules and practices of this Court.

### XII.

Except as otherwise stated in this Verified Complaint, Callan Marine is, as of this date, unaware of any suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Verified Complaint.

### XIII.

Based upon the allegations of fact set forth by Garza, this action is an admiralty claim within the meaning of Federal Rule of Civil Procedure 9(h) and therefore vests subject matter jurisdiction with this Court pursuant to 28 U.S.C. § 1333.

### XIV.

Callan Marine initially received notice of Garza's written claim on the date of the alleged incident through an Incident Investigation Report on or about July 15, 2020. As is evidenced above, this Verified Complaint is filed within the running of six months from the date Callan Marine will have received first notice of a written claim.

WHEREFORE, PETITIONER, CALLAN MARINE, LTD, prays:

1. That this Court cause due appraisement be made of the amount or value of Callan Marine's interest in the Vessel and her freight on July 15, 2020;

2. That this Court, upon filing of the *Ad Interim* Stipulation, shall cause a Monition to be issued to all persons asserting claims against Callan Marine for which the complaint seeks exoneration or limitation, admonishing them to file their respective claims with the clerk of this Court and to serve on Callan Marine's attorneys a copy thereof on or before a date

to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

3. That this Court enter an order directing that an injunction issue enjoining the prosecution as against Callan Marine, its agents, and representatives as owner of the Vessel, and of any and all claims, actions or proceedings, whether in existence now or to begin in the future, with respect to the matters in question except in the present proceeding;

4. That this Court adjudge that Callan Marine is not liable for any loss or damages arising from the aforementioned occurrence of July 15, 2020. Should Callan Marine be found liable by this Court, then such liability should be limited to the value of its interest in the Vessel. Callan Marine should be discharged therefrom upon surrender of such interest and money surrendered, paid or secured to be paid as aforesaid and that said interest should be divided pro rata accordingly among such claimants as may duly prove their claim or claims, saving to parties any priorities to which they may be legally entitled;

5. That this Court enter a decree discharging Callan Marine from all further liability; and

6. That Callan Marine may have such other and further relief to which it is justly entitled.

    Respectfully submitted,

/s/ *Susan Noe Wilson*
SUSAN NOE WILSON
Texas Bar No. 15055025
S.D. Tex. ID No. 15092
snoewilson@sbsblaw.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942
*Attorney in Charge for Petitioner
Callan Marine, LTD.*

OF COUNSEL

**Schouest, Bamdas, Soshea & BenMaier**

ROBERT P. VINING
Texas Bar No. 24049870
rvining@sbsblaw.com
KELLY M. HAAS
Texas Bar No. 24059874
khaas@sbsblaw.com
MICHAEL W. HOGUE
Texas Bar No. 09809800
mhogue@sbsblaw.com
MELISSA ANDERSON
Texas Bar No. 24105431
manderson@sbsblaw.com
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0446
Facsimile: (713) 574-2942